IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

APPALACHIAN BIBLE COLLEGE, INC.,

        Plaintiff,

v.                                               CIVIL ACTION NO.   5:16-cv-06781

FOREMOST INDUSTRIES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff Appalachian Bible College, Inc.'s Motion for Temporary Restraining Order and Subsequent Preliminary Injunction* (Document 5) and *Memorandum of Law in Support* (Document 6), as well as the *Complaint* (Document 1) and all attached exhibits. The Court has also reviewed the *Plaintiff Appalachian Bible College, Inc.'s Motion for Witnesses to Submit Testimony Through Affidavits or by Contemporaneous Transmission from a Different Location for Hearing on Plaintiff's Motion for Temporary Restraining Order and Subsequent Preliminary Injunction* (Document 7). For the reasons stated herein, the Court finds that the motion for a temporary restraining order and preliminary injunction should be denied.

## FACTUAL BACKGROUND

In early 2015, Foremost Industries, then owned and operated by Ralph C. Michaels, entered into a gift agreement with Appalachian Bible College. (Gift Agreement, att'd as Ex. 1 to Pl.'s Compl., Document 1-1.) Pursuant to the gift agreement, Foremost Industries promised to donate

$4 million to Appalachian Bible College in five yearly installments of $800,000, the first to be paid in April, 2016. Ralph Michaels wanted to retire, and offered Foremost Industries for sale. Between late 2014 and early 2015, Daniel Gordon began negotiating to acquire Foremost Industries. On or about May 29, 2015, GLD Foremost Holdings, LLC, a company created by Daniel Gordon, entered into a stock purchase agreement with Ralph Michaels and Foremost Industries. Mr. Michaels and Mr. Gordon agreed that Mr. Gordon would pay $3 million to Mr. Michaels and honor the $4 million gift agreement with Appalachian Bible College.

Instead, however, Mr. Gordon has paid $1 million to Mr. Michaels (which is the subject of separate litigation in the United States District Court for the Middle District of Pennsylvania), and refused to honor the gift agreement. Foremost Industries has not paid the $800,000 installment that was due on April 1, 2016, and has indicated it will not make any future payments to Appalachian Bible College. Mr. Gordon has sold divisions of Foremost Industries, and has auctioned off equipment and supplies, suggesting an intent to cease operations. The Plaintiff further asserts that Mr. Gordon has a history of financial malfeasance.

Appalachian Bible College is a small institution, and the $4 million gift was significant to its finances. It alleges that, absent the gift, the Department of Education will downgrade it from "financially responsible" to "not financially responsible," potentially threatening Appalachian Bible College's access to Title IV funding.

## APPLICABLE LAW

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

> will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Preliminary relief is considered an "extraordinary remedy." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion).

## DISCUSSION

The Plaintiff seeks a temporary restraining order and preliminary injunction barring the Defendant from selling, transferring, or otherwise disposing of any of its assets, including property, until this litigation concludes. The Plaintiff requests that a temporary restraining order be issued without notice to the Defendant, citing concern that Mr. Gordon will accelerate the sale of assets, but indicates that the motion for a temporary restraining order will be served with the complaint through the Secretary of State's office. In support of its motion for preliminary relief, the Plaintiff argues that it is likely to succeed on the merits because the parties to the gift agreement specified that it was legally binding, and Foremost Industries has breached that agreement and stated its intent to continue to do so. Further, the Plaintiff asserts that the Defendant's refusal to honor the gift agreement constitutes unjust enrichment, as Mr. Michael's sale price for Foremost Industries

incorporated the cost of honoring the $4 million contribution to Appalachian Bible College.[1] The Plaintiff asserts that it will suffer irreparable harm absent preliminary relief because Foremost Industries is disposing of assets that would otherwise fund the gift agreement, and the Department of Education could consider Appalachian Bible College not financially responsible in the absence of the anticipated funding, threatening access to federal funding. Because the Plaintiff would be harmed absent preliminary relief, and Foremost Industries could continue performing daily operations and paying employees under the proposed injunction, the Plaintiff contends that the balance of equities favors entry of a temporary restraining order and preliminary injunction. Finally, the Plaintiff asserts that the public interest in enforcing contracts, particularly contracts to support non-profit educational institutions, counsels in favor of the requested relief.

The Court finds that the Plaintiff has presented sufficient evidence to support a finding that it is likely to succeed on the merits as to the breach of contract claims. However, preliminary relief is not appropriate under these circumstances, as the Plaintiff has not presented sufficient evidence of irreparable harm. First, even if the Department of Education's anticipated finding that Appalachian Bible College is not financially responsible may be attributed to Foremost Industries' failure to comply with the gift agreement, it is unclear to the Court how the requested preliminary relief would prevent such a finding. The Plaintiff requests an injunction preventing Foremost Industries from selling assets or property. Such an injunction would not alter Appalachian Bible College's finances. Second, this litigation centers on a contractually agreed upon monetary donation. Courts are reluctant to grant preliminary injunctions "where the harm

---

[1] The Court notes that the Stock Purchase Agreement specifies that "Nothing contained in this Agreement will confer any third party beneficiary or other rights upon any person…or entity that is not a party to this Agreement." (Stock Purchase Agreement at ¶ 21, att'd to Pl.'s Compl. at Ex. B, Document 1-2.)

4

at issue can be remedied by an award of money damages." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). However, extraordinary circumstances, including the risk that a defendant may become insolvent before a final judgment is awarded, can justify preliminary relief. *Id.* at 694. Here, the Plaintiff has alleged that the Defendant has sold a division of the company and auctioned equipment and supplies necessary to business operation. Although the Plaintiff has presented some evidence that Mr. Gordon may be shutting down Foremost Industries, there is insufficient evidence to support a conclusion that the Plaintiff would therefore be unable to obtain damages, either from Foremost Industries or from its owner(s).

Further, Foremost Industries is embroiled in separate litigation between the former owner and the current owner. It has already sold assets and equipment. Although the Plaintiff asserts that the balance of equities favors it because Foremost Industries would not be harmed by the requested injunction and could continue to operate and pay employees, there is little evidence supporting such a conclusion. The Plaintiff's allegations suggest that Foremost Industries is experiencing serious financial difficulties. Whether Mr. Gordon intends to sell certain assets to fund continued operations or to cease operations, the inability to dispose of assets during the pendency of this litigation would likely be harmful. In addition, the Court has given consideration to the type of contract at issue. The parties agreed that the gift agreement was to be legally enforceable, and the Court has found, on the present evidence, that the Plaintiff is likely to succeed on the merits as to at least some of its claims. However, this is not a case in which the Plaintiff expended money or other resources to fulfill its side of an equal bargain. Foremost Industries has refused to honor its agreement to make a charitable contribution unsupported by any consideration.

Appalachian Bible College is in the same position it would be in without the gift agreement. Thus, the balance of equities does not tip in favor of Appalachian Bible College. Having found that the Plaintiff has not met each required element of the test governing preliminary relief, the Court finds that its motion for a temporary restraining order and preliminary injunction should be denied.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Plaintiff Appalachian Bible College, Inc.'s Motion for Temporary Restraining Order and Subsequent Preliminary Injunction* (Document 5) be **DENIED**. The Court further **ORDERS** that the *Plaintiff Appalachian Bible College, Inc.'s Motion for Witnesses to Submit Testimony Through Affidavits or by Contemporaneous Transmission from a Different Location for Hearing on Plaintiff's Motion for Temporary Restraining Order and Subsequent Preliminary Injunction* (Document 7) be **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 9, 2016

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA