IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

APPALACHIAN BIBLE COLLEGE, INC.,

        Plaintiff,

v.                                    CIVIL ACTION NO.   5:16-cv-06781

FOREMOST INDUSTRIES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Foremost Industries, Inc.'s Motion to Transfer Venue, Motion to Dismiss, and in the Alternative, Motion to Stay Proceedings Pending Conclusion of Related Civil Proceedings* (Document 12) and the *Memorandum in Support* (Document 13), *Plaintiff Appalachian Bible College, Inc.'s Response in Opposition to Defendant Foremost Industries, Inc.'s Motion to Transfer Venue, Motion to Dismiss, and in the Alternative, Motion to Stay Proceedings Pending Conclusion of Related Civil Proceedings* (Document 18), and *Defendant Foremost Industries, Inc.'s Reply Memorandum in Support of Its Motion to Transfer Venue, Motion to Dismiss, and in the Alternative, Motion to Stay Proceedings Pending Conclusion of Related Civil Proceedings* (Document 19).   In addition, the Court has reviewed the Plaintiff's *Complaint* (Document 1), as well as all attached exhibits.   For the reasons stated herein, the Court finds that the motion to transfer venue should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In early 2015, Foremost Industries, then owned and operated by Ralph C. Michael, entered into a Gift Agreement with Appalachian Bible College.   (Gift Agreement, att'd as Ex. 1 to Pl.'s

Compl., Document 1-1.) Pursuant to the Gift Agreement, Foremost Industries promised to donate $4 million to Appalachian Bible College in five yearly installments of $800,000, the first to be paid in April 2016. Appalachian Bible College is a small institution located in Raleigh County, in the Southern District of West Virginia, and the $4 million gift was significant to its financial well-being. Foremost Industries is a Pennsylvania company that operates in Pennsylvania, and conducts business in West Virginia. The Gift Agreement provides for application of Pennsylvania law, but does not contain a forum selection clause. Mr. Michael is a Pennsylvania resident.

Mr. Michael wanted to retire, and offered Foremost Industries for sale. Between late 2014 and early 2015, Daniel Gordon, a New York resident, began negotiating to acquire Foremost Industries. On or about May 29, 2015, GLD Foremost Holdings, LLC, a company created by Mr. Gordon and incorporated in Delaware, entered into a Stock Purchase Agreement with Mr. Michael and Foremost Industries. Mr. Michael and Mr. Gordon agreed in the Stock Purchase Agreement that Mr. Gordon would pay $3 million to Mr. Michael and honor the $4 million Gift Agreement with Appalachian Bible College. Instead, however, Mr. Gordon has paid $1 million to Mr. Michael and refused to honor the Gift Agreement. Foremost Industries has not paid the $800,000 installment that was due on April 1, 2016, and has indicated it will not make any future payments to Appalachian Bible College. Appalachian Bible College asserts that Mr. Gordon may intend to cease operations at Foremost Industries and has auctioned off company assets.

The complaint alleges claims for breach of contract, anticipatory breach of contract, conversion, and unjust enrichment. The complaint also included counts seeking a temporary restraining order and/or a preliminary injunction to prevent Foremost Industries from transferring

2

or otherwise disposing of assets until resolution of this matter. Appalachian Bible College filed a motion for a temporary restraining order and preliminary injunction on August 3, 2016 (Document 5), which the Court denied on August 9, 2016 (Document 8).

Litigation related to the sale of Foremost Industries is pending in the United States District Court for the Middle District of Pennsylvania. The Defendant contends that the Pennsylvania litigation involves potential rescission of the Stock Purchase Agreement. That litigation will determine whether Mr. Michael or Mr. Gordon owns Foremost, and therefore, who would be responsible for any judgment in this case.[1]

## STANDARD OF REVIEW

28 U.S.C. § 1391(b) provides that:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(c)(2) goes on to state that a defendant is a "resident" of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." When a case is initiated in an improper district or division, Section 1406(a) permits courts to either dismiss the case or transfer it to "any district or division in which it could have

---

[1] Ralph Michael has a complaint pending against GLD Foremost Holdings and Daniel Gordon in Civil Action 1:15-cv-2230 in the Middle District of Pennsylvania. GLD Foremost Holdings has a related complaint pending against Ralph C. Michael, his daughter Laurie Myers, and her husband Don Myers, in Civil Action 1:15-cv-2234 in the Middle District of Pennsylvania.

3

been brought." The plaintiff bears the burden of establishing that venue is proper, and must make either a prima facie showing, absent an evidentiary hearing, or demonstrate proper venue by a preponderance of the evidence, if the court hears evidence. *Adhikari v. KBR, Inc.*, No. 115CV1248JCCTCB, 2016 WL 4162012, at *3 (E.D. Va. Aug. 4, 2016).

Courts may also transfer venue "for the convenience of parties and witnesses, in the interest of justice" when venue is proper in both the transferring district and in another district. 28 U.S.C. § 1404(a). The Fourth Circuit has established four factors for consideration in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).[2] "As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Id.*; *see also Ashcraft v. Core Labs. LP*, No. 2:15-CV-03192, 2016 WL 1222154, at *3 (S.D.W. Va. Mar. 28, 2016) (Johnston, J.) (quoting statement from *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). However, "[t]he interest of justice weighs heavily in favor of transfer when a related action is pending in the transferee forum." *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783 (D. Md. 2009). Transfer, and possible consolidation, avoids inconsistent results, reduces costs, and supports

---

2 Courts within the Southern District of West Virginia have often applied a seven-factor test, which largely overlaps the four-factor test adopted in *Plumbers & Pipefitters*: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *See, e.g.*, *AFA Enterprises, Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D.W. Va. 1994) (Haden, C.J.); *Conklin v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:16-CV-08604, 2016 WL 5843618, at *2 (S.D.W. Va. Oct. 4, 2016) (Goodwin, J.)

judicial efficiency.  *Id.*; *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005).

## DISCUSSION

The Defendant argues that venue is improper under 28 U.S.C. § 1391(a) because a substantial part of the events and omissions at issue occurred in the Middle District of Pennsylvania, rather than in the Southern District of West Virginia.  Further, the Defendant argues, it is a Pennsylvania corporation, not a West Virginia resident, and the Middle District of Pennsylvania is available as a district with proper venue, eliminating other possible grounds for venue in this district.  The Defendant requests that the Court dismiss or transfer, pursuant to 28 U.S.C. § 1406(a).  In the alternative, the Defendant seeks transfer to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a), arguing that most events took place there, most witnesses and evidence are located there, and that related litigation is pending in that district.  Finally, if the Court declines to dismiss or transfer, the Defendant requests an order staying this matter pending the resolution of the Pennsylvania litigation.

The Plaintiff argues that a substantial portion of events took place in the Southern District of West Virginia, where the Plaintiff executed the Gift Agreement, suffered and continues to suffer, damages related to the Defendant's non-performance.  In addition, the Plaintiff points out that, for venue purposes, a defendant is a resident "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  Therefore, the Plaintiff asserts, venue is proper in this district.  The Plaintiff further contends that the litigation related to the Stock Purchase Agreement and the ownership of Foremost is unrelated to the instant action, as "Foremost is obligated to satisfy the Gift Agreement

5

regardless of the outcome of litigation over the Stock Purchase Agreement." (Pl.'s Resp. at 18.) The Plaintiff argues that the issues presented in this suit regarding the Gift Agreement are simple and could be resolved quickly, while the Pennsylvania litigation involves alleged misrepresentations about the company assets that may result in protracted litigation.[3] Some witnesses reside in both districts, but Ralph Michael, his wife Marjorie Michael, and his daughter Laurie Myers, have all provided affidavits indicating a preference for any depositions or other appearance as witnesses to take place in the Southern District of West Virginia. Finally, the Plaintiff argues that no stay is justified, again asserting that the Pennsylvania litigation is unrelated to this action.

First, the Court finds that venue is proper in this district, given that Foremost Industries purposefully entered into an agreement to donate $4 million to the Plaintiff. Thus, under 28 U.S.C. § 1391(c)(2), it is subject to this Court's personal jurisdiction and is a resident of this district for venue purposes. However, 28 U.S.C. § 1404(a) nonetheless permits a change of venue to another district where the action could have been brought, if such change is made "for the convenience of parties and witnesses, in the interest of justice." Here, witness convenience and access and the convenience of the parties is neutral: this district is more convenient for the Plaintiff and many of the Plaintiff's witnesses, while the Middle District of Pennsylvania is more convenient for the Defendant and many of its witnesses. Access to sources of proof is not at issue, given that this dispute centers on documents that can be shared electronically. The location of the controversy is split between this district, where Appalachian Bible College operates, and the Middle District of Pennsylvania, where Foremost Industries operates, although the Court notes

---

3 The Court notes that trial dates are scheduled for May and June, 2017, respectively, in the two Pennsylvania suits.

that the Gift Agreement is to be interpreted according to Pennsylvania law. The Plaintiff's choice of venue in this district is entitled to significant weight.

The final factor—the interest of justice—involves the relationship between this litigation and the Pennsylvania litigation. The Plaintiff contends that the matters are unrelated. The Court cannot agree. Foremost Industries entered into the Gift Agreement with Appalachian Bible College not long before the sale of the company to a new owner. The complaint alleges: "Mr. Michael agreed to sell Foremost Industries Inc., to Daniel Gordon's company, GLD Foremost Holdings, LLC, for a purchase price of $3,000,000.00 and an agreement to satisfy a Gift Agreement between Foremost Industries, Inc. and Appalachian Bible College, Inc." (Compl. at ¶ 12.) The complaint recites several allegations made against Mr. Gordon as the new owner of Foremost in the Pennsylvania litigation. The Pennsylvania litigation may determine who controls Foremost Industries, and what assets remain with Foremost. Given that the Plaintiff is seeking some of the same limited supply of assets, there is a risk of inconsistent or conflicting judgments.

Furthermore, the Plaintiff's unjust enrichment claim asserts: "Foremost Industries, Inc., through its new ownership, has been unjustly enriched because the company was purchased pursuant to a Stock Purchase Agreement which included the Gift Agreement of $4,000,000.00 as consideration." (*Id.* at ¶ 63.) Therefore, the Plaintiff alleges, Foremost and its new ownership have "obtain[ed] the benefits of owning the company without satisfying the obligation due to Appalachian Bible College, Inc." (*Id.*) The unjust enrichment claim explicitly relies upon the terms of the Stock Purchase Agreement now being litigated in Pennsylvania. In short, resolution of any of the three pending cases may affect the others. Therefore, the Court finds that the interest of justice weighs heavily in favor of transfer, and outweighs the Plaintiff's interest in preserving

7

its choice of venue. Accordingly, the Defendant's motion to transfer venue to the District Court for the Middle District of Pennsylvania should be granted.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Foremost Industries, Inc.'s Motion to Transfer Venue, Motion to Dismiss, and in the Alternative, Motion to Stay Proceedings Pending Conclusion of Related Civil Proceedings* (Document 12) be **DENIED** to the extent it seeks to dismiss or stay proceedings, and **GRANTED** to the extent it seeks to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court further **ORDERS** that this matter be **TRANSFERRED** to the Middle District of Pennsylvania.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the District Court for the Middle District of Pennsylvania, to the Honorable Yvette Kane, United States District Judge, to counsel of record, and to any unrepresented party.

ENTER: January 31, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA